(173 App. Div. 691)

### SZAKVARY v. HADDORF PIANO CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

PLEADING ☞238(5)—AMENDMENT—TERMS—STANDING ON ORIGINAL PLEADING.
　　Where a complaint is held insufficient, and plaintiff is permitted to withdraw a juror for the purpose of moving for leave to amend at Special Term, and thereafter leave to amend is granted upon condition that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff pay costs, which condition is approved on appeal, plaintiff's election thereafter to have the cause restored to the calendar for trial upon the complaint as it originally stood is within his rights, and his motion to restore the case to the calendar should have been granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 624½; Dec. Dig. ☜238(5).]

Appeal from Special Term, New York County.

Action by Desire R. Szakvary against the Haddorf Piano Company. From an order denying plaintiff's motion to restore the case to the trial calendar, he appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Moses Cohen, of New York City, for appellant.

SCOTT, J. The cause came on for trial in October, 1915, and the defendant moved to dismiss the complaint. The court held that the complaint was insufficient, but, instead of dismissing it, permitted plaintiff to withdraw a juror with a view to moving at Special Term for leave to amend. He did so move, and leave was given upon condition that he pay costs to date, which were subsequently taxed. Plaintiff then appealed to this court from so much of the order as imposed the payment of costs as a condition of amending. His appeal was unsuccessful, and the order was affirmed, with $10 costs and disbursements. These he has paid. He now elects not to avail himself of the leave given him to amend his complaint, and seeks to have the cause restored to the calendar for trial upon the complaint as it originally stood. His motion to that effect was opposed, and presumably denied, because he has not paid the costs imposed as a condition of amending.

We are of the opinion that the motion should have been granted. The payment of the costs in question was distinctly imposed, not absolutely, but as a condition of granting leave to amend the complaint. If plaintiff did not choose to accept the leave upon the terms prescribed, it was open to him to refuse to amend, and, if he did so, the condition failed. He is entitled, as we think, to bring the cause to trial in order that his complaint may be authoritatively passed upon. It is unfortunate, and not conducive to good practice, that plaintiff should have been allowed to speculate upon the terms that might be imposed if he sought to amend his complaint; but that results from the form in which the order granting leave was made, and from the fact that no terms were imposed upon him as a condition of permitting him to withdraw a juror.

The order appealed from must be reversed, and the motion granted, but without costs in this court. All concur.